UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICHAEL WILLIAMS, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2124-B |
| | § | |
| THE CITY OF FRISCO, FRISCO CITY ATTORNEY'S OFFICE, LAW FIRM OF ABERNATHY, ROEDER, BOYD AND HULLETT, THE CITY OF IRVING, JON SKERTICH, JOHN BRUCE, RICHARD ABERNATHY, JUILO VARGAS, ERIC CURTIS, and CORY KRAFT , | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss for failure to state a claim, Doc. 9, filed by Defendants Law Firm of Abernathy, Roeder, Boyd and Hullett, and Richard Abernathy (collectively "Abernathy"). For the following reasons, the Court **GRANTS** Abernathy's motion.

### I.

### BACKGROUND

In June 2017, pro se Plaintiff Michael Williams filed this lawsuit in the 298th Judicial District Court of Dallas County, Texas. *See* Doc. 1-1, Pl.'s Original Pet., 11. His complaint contains several causes of action against Abernathy including defamation per se and *per quod*, civil conspiracy, racketeering, intentional infliction of emotional distress, mental anguish, and negligence. *See id.* at 20–28. About a month later, Defendant City of Frisco (Frisco) removed the case to this Court. Doc.

-1-

1. On September 6, 2017, Abernathy, Frisco's city attorney, filed a motion to dismiss, arguing that Williams's claims are barred by the attorney-immunity doctrine. Doc. 9, Defs.' Mot. to Dismiss, 4. Williams did not respond to Abernathy's motion.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and

alterations omitted).

**III.**

**ANALYSIS**

Williams is suing Abernathy for defamation per se and *per quod*, civil conspiracy, racketeering, intentional infliction of emotional distress, mental anguish, and negligence. *See* Doc. 1-1, Pl.'s Original Pet., 20–28. In his motion to dismiss for failure to state a claim, Abernathy argues the attorney-immunity doctrine bars Williams's claims because they arise from Abernathy's representation of Frisco. Doc. 9. Defs.' Mot. to Dismiss, 6.

Attorneys in Texas are not liable to third parties for damages that arise from advising their clients or practicing their profession. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). "This attorney-immunity defense is intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied)). The attorney-immunity defense only applies to actions attorneys take to "discharge [their] duties to [their] client[s]." *Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-06-00696-CV, 2008 WL 746548, at *9 (Tex. App.—Houston [1st Dist] Mar. 20, 2008, pet. denied).

Abernathy claims in his motion to dismiss that the attorney-immunity doctrine bars Williams's claims against him because they are based on Abernathy's representation of Frisco. Doc. 9. Defs.' Mot. to Dismiss, 4–7. The Court agrees. For example, Williams alleges that he

> sent numerous emails to . . . Richard Abernathy (City Attorney for the City of Frisco) requesting copies of the results on the Internal Affairs investigation. In response to that request, Williams received a letter from Richard M. Abernathy (City Attorney for the City of Frisco) that informed him that "the City" has chosen not to release the results of the Final Internal Affairs investigation report — in defiance of [his] duty

to do so and Open Records Laws and the Public Information Act.

*See* Doc. 1-1, Pl.'s Original Pet., 18. Williams's allegations on their face stems from Abernathy's representation of Frisco, so it cannot be a basis for liability.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Abernathy's motion to dismiss, Doc. 9, and **DISMISSES without prejudice** Defendants Law Firm of Abernathy, Roeder, Boyd and Hullett, and Richard Abernathy from this case.

**SO ORDERED.**

**SIGNED: November 7, 2017**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE