IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2124-S-BT |
| | § | |
| CITY OF FRISCO TEXAS, | § | |
| | § | |
| Defendant. | § | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant the City of Frisco has filed a Motion to Dismiss (ECF No. 6) all the claims asserted against it and its employees in this *pro se* civil action brought by Plaintiff Michael Williams. For the following reasons, the District Court should GRANT Defendant's Motion and DISMISS all of Plaintiff's claims against the City of Frisco and its employees.

### **Background**

Plaintiff brings this action against the City of Frisco, City of Frisco employees—including Frisco Police Chief John Bruce, Lieutenant Jon Skertich, Detective Cory Kraft, Corporal Julio Vargas, and others for alleged violations of his civil rights in connection with his arrest in June of 2015. Plaintiff alleges that on June 27, 2015, he was sitting in his car at a car wash on Main Street in Frisco, Texas, two blocks from his home, when two Frisco police cruisers descended upon the car wash and officers arrested him. Pl's Pet. (ECF No. 1-1) at 5 ¶¶ 14,

1

167. Plaintiff alleges there was no just cause for his arrest, and the officers arrested him because of a false "BOLO," or Be-On-the-Look-Out notice, issued by the Irving Police Department and because, as a black man driving a Mercedes-Benz, he "looked suspicious." *Id.* at 6 ¶¶ 18, 19, 22. Plaintiff alleges he was taken to the police station, where he was taunted, ridiculed, and insulted. *Id.* at ¶ 20. He further alleges that the Frisco police officers illegally seized and searched his car and found drugs and drug paraphernalia in the gas tank. *Id.*; *see also id.* at 7 ¶ 23. Plaintiff contends that the police planted the drugs in his car while he was in custody. *Id.* at 6 ¶ 20. Plaintiff alleges that he attempted to file a complaint regarding his arrest with the City of Frisco Police Department, but members of the Department's Internal Affairs division unnecessarily complicated his efforts and stalled any investigation into his allegations. *Id.* at 8, ¶¶ 26-27. Plaintiff also alleges that City employees improperly withheld from him the final investigative report.

    Based on this alleged conduct, Plaintiff filed suit in the 298th Judicial District Court of Dallas County, Texas, on June 28, 2017. Plaintiff's Original Petition asserts claims against the City of Frisco for violations of his constitutional rights, pursuant to 42 U.S.C. § 1983, false arrest, violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), defamation, civil conspiracy, intentional infliction of emotional distress, negligence, and for mandamus. The Petition further asserts claims against City of Frisco employees Bruce, Skertich, Kraft, and Vargas, the City Attorney's Office for

the City of Frisco, the Law Firm of Abernathy, Roeder, Boyd, and Hullett (the "Law Firm"), Richard Abernathy, the City of Irving, and Irving Police Detective Eric Curtis. The Court dismissed Plaintiff's claims against Richard Abernathy and the Law Firm on November 7, 2017. *See* Docket. Of the remaining defendants, only the City of Frisco has been served and made an appearance. *See* Cover Sheet Supplement. (ECF No. 1-3).

The City of Frisco timely removed the case to federal court on the basis of federal question jurisdiction and filed the pending Motion to Dismiss.[1] By its Motion, the City argues Plaintiff's claims against it fail because: (1) Plaintiff failed to plead a viable municipal liability theory against the City; (2) Plaintiff cannot pursue a RICO claim against the City as a matter of law; (3) Plaintiff's federal and state law claims are barred by limitations; (4) Plaintiff's state law claims against all of the City's employees are statutorily barred by Texas's election of remedies statute; (5) Plaintiff's state law claims against the City are barred by the City's governmental immunities; and (6) Plaintiff's mandamus action is moot because Plaintiff pursued that claim in Collin County state court, which is the mandatory venue for that claim under the Texas Public Information Act. Plaintiff failed to

---

[1] Although Defendant challenged venue in Dallas County prior to removal, Defendant properly removed this action to the Dallas Division of the Northern District of Texas because this court embraces the place where the state court action was pending at the time of removal. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court . . . may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."). Venue is proper in this court pursuant to the federal removal statute, regardless of whether venue may have been improper in the state court. *See Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998).

3

file a written response to Defendant's Motion, and the time for doing so has passed. Accordingly, the Court considers the Motion to Dismiss without the benefit of a response.

## Legal Standard and Analysis

The City of Frisco moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the sufficiency of the plaintiff's pleadings. To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This pleading standard does not require the plaintiff to plead detailed factual allegations, but the plaintiff must allege more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To determine whether the plaintiff has stated a claim for relief, the Court accepts all the well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## Section 1983

The City contends that the Plaintiff's Section 1983 claims against it should be dismissed because such claims are barred by limitations and because Plaintiff

failed to plead a viable claim for municipal liability.

## Limitations

Section 1983 does not have its own statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state."). Texas has a two year statute of limitations for personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) ("[A] person must bring suit . . . not later than two years after the day the cause of action accrues."). Although state law provides the governing statute of limitations for a claim under Section 1983, federal law determines when the claim accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A Section 1983 claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Piotrowski*, 237 F.3d at 576.

Plaintiff's claims under Section 1983 arise out of his arrest, which Plaintiff alleges to have occurred on June 27, 2015.[2] *See* Pl.'s Compl. ¶ 14. However, Plaintiff did not file his Original Petition in state court until June 28, 2017—more

---

[2] Defendant has evidence, including a copy of the Agency Post-Run/Call Report from Plaintiff's arrest, *see* Def. App. 82-83 that shows Plaintiff was actually arrested on June 15, 2015. The Court does not rely on this evidence in reaching the conclusion that Plaintiff's claims are time-barred. Rather, the Court accepts as true—as it must in the context of a Rule 12(b)(6) motion—Plaintiff's allegation that he was arrested on June 27, 2018. The file-stamp on the face of Plaintiff's Original Petition establishes that Plaintiff waited more than two years to file his lawsuit.

than two years after his claims accrued. *See* Rem. Not., Ex. 3 at 1. Plaintiff's Section 1983 claims are therefore time-barred, and the District Court should dismiss those claims with prejudice.

## Municipal Liability

The City further argues that Plaintiff's Section 1983 claims must be dismissed because Plaintiff failed to plead a viable claim for municipal liability. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). However, a municipality or local governmental entity, such as the City of Frisco, may face liability if a person is deprived of a constitutional right pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 579. To establish municipal liability, a plaintiff must plead and prove three elements: (1) an official policy or custom, of which (2) a policymaker had actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Hampton Co. Nat'l Surety, LLC v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008). A plaintiff can establish a policy through evidence of an actual policy, regulation, or decision that is adopted and promulgated by officials with policymaking authority. *Valle v. City of Hous.*, 613 F.3d 536, 541-42 (5th Cir. 2010). A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy[.]" *Piotrowski*, 237 F.3d at 579 (quoting *Webster v.*

*City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984)).

Here, Plaintiff fails to allege that an official policy or custom resulted in a violation of his constitutional rights. Plaintiff's allegations relating to his arrest all pertain to the arresting officers' actions during his arrest. Pl's. Pet. 5-6 ¶¶ 14-24. (ECF No. 1-1). Specifically, Plaintiff alleges that the officers stopped him pursuant to the BOLO issued by the City of Irving, made statements that his car looked suspicious, towed his car, and planted drugs in his car. *Id.* at ¶¶ 18-21. Plaintiff does not allege that the officers engaged in this conduct pursuant to any official policy of the City of Frisco; nor does Plaintiff allege a pattern of abuse by the officers beyond the misconduct alleged to have occurred in connection with his arrest. Even taking all of Plaintiff's allegations as true, they are not enough to state a widespread practice sufficient to state a claim for municipal liability. *See Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (holding that the district court correctly dismissed plaintiff's 1983 action when she failed to assert that the city had a policy or custom that resulted in the infringement of her constitutional rights). Without any facts alleging an official policy or custom, Plaintiff has not stated a claim for municipal liability against the City of Frisco.

## RICO

Plaintiff alleges that the Cities of Frisco and Irving, and the Cities' employees committed a RICO violation when they created the BOLO, "as a means of issuing a death threat against [Plaintiff]." *See* Rem. Not., Ex. 3 at 16. The City of Frisco argues that Plaintiff's claim fails as a matter of law because the City is

not a proper defendant under the RICO statute. The Court agrees. The Fifth Circuit has held that "RICO requires demonstrating an underlying criminal act, which entails a *mens rea* requirement that a governmental entity cannot form." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015). Accordingly, the District Court should grant the City's Motion as to Plaintiff's RICO claim and dismiss that claim with prejudice.

Even if the City of Frisco could be liable under RICO, Plaintiff has failed to plead any of the elements necessary to state a claim for a RICO violation. In order to state a claim under RICO, a plaintiff must show: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). A "pattern" requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity. 18 U.S.C. § 1961(5); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993). Section 1961 sets forth a list of acts that constitute "racketeering activity."

Here, Plaintiff alleges that the creating of "a fraudulent BOLO as a means of issuing a death threat against Williams was a criminal act and constitutes a threat of continued and open-ended criminal activity." Pl's. Pet. 16 ¶ 25. (ECF No. 1-1). The BOLO at issue allegedly originated from the Irving Police Department. Def.'s App. 30 ¶ 34. Plaintiff does not identify, and the Court cannot discern, which racketeering activity under Section 1961 the City of Frisco and its

8

employees allegedly engaged in relating to the BOLO that was created by the Irving Police Department. *See* 18 U.S.C. 1961. Plaintiff's conclusory assertions that Defendants violated certain state and federal statutes are insufficient to plead the predicate acts necessary to establish a pattern of racketeering activity. *See Elliott v. Foufas*, 867 F.2d 877, 879, 882 (5th Cir. 1989) (affirming district court's dismissal of plaintiff's RICO claims under Rule 12(b)(6) because plaintiff failed to plead facts which would establish that Defendants had violated the listed predicate acts).

## State Law Claims

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under Section 1367, a court has broad discretion to hear a state law claim under its supplemental jurisdiction if (1) the federal issues are substantial, and (2) the state and federal claims derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In determining whether to exercise supplemental jurisdiction, courts consider the issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). In this case, the relevant considerations weigh in favor of retaining jurisdiction over Plaintiff's state law claims, because those claims arise from the same "common nucleus of operative facts" as his federal claims and can be disposed of

9

promptly.

## Limitations

The City argues that Plaintiff's state law claims for false arrest, defamation, civil conspiracy, intentional infliction of emotional distress, and negligence are barred by limitations. The statute of limitations for Plaintiff's defamation claim is one year. Tex. Civ. Prac. & Rem. Code. § 16.002. The statute of limitations for his remaining state law claims is two years. *Id.* § 16.003(a). Plaintiff's state law claims generally arise out of his alleged June 27, 2015 arrest or earlier conduct related to the BOLO. Plaintiff thus had until June 27, 2016, to file his defamation claim, and until June 27, 2017 to file his other state law tort claims. However, Plaintiff did not file his lawsuit until June 28, 2017. Accordingly, the District Court should grant the City's Motion to Dismiss as to Plaintiff's negligence claims arising out of his arrest or the BOLO because they are time-barred. Only Plaintiff's negligence claims based on allegations that the City or its employees acted improperly in connection with Plaintiff's Internal Affairs complaint regarding his arrest could have accrued after June 27, 2015, and survive dismissal on limitation grounds.

## Claims against City of Frisco Employees

The City further argues Plaintiff's state law claims against the City employees, including any claims that are not barred by limitations, are barred by Plaintiff's election of remedies. Under Texas law, "[t]he filing of a suit under [the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101.001, *et seq.*]

10

against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(a). "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* at § 101.106(e). "[A] suit asserting common law claims against a Texas governmental unit . . . is considered to be under the TTCA." *Quinn v. Guerrero*, 863 F.3d 353, 362 (5th Cir. 2017). (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462). "[I]f a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves." *Gil Ramirez Group, L.L.C. v. Houston Independent School Dist.*, 786 F.3d 400, 416 (5th Cir. 2015) (quoting *Bustos*, at 463). Because the City of Frisco has moved for its employees to be dismissed, the District Court should dismiss with prejudice Plaintiff's state law claims against those employees.

### Claims against the City of Frisco

The City further contends that Plaintiff's state law claims for false arrest, defamation, civil conspiracy, intentional infliction of emotional distress, and negligence are barred by governmental immunity. Def.'s Br. 10 ¶ D. (ECF No. 7). Under the doctrine of governmental immunity, cities retain immunity from suit unless it is expressly waived by the legislature. *See City of Houston v. Williams*,

353 S.W.3d 128, 134 (Tex. 2011). Pursuant to the TTCA, the state has waived cities' governmental immunity only for cases involving the use of publicly-owned vehicles, premises defects, and injuries arising from the conditions or use of property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011). However, Section 101.057 provides that the waiver of immunity does not apply to any claim "arising out of assault, battery, false imprisonment, or any other intentional tort." Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 2011).

Plaintiff's claims for false arrest, defamation, civil conspiracy, intentional infliction of emotional distress are intentional torts that do not fall within the exception to governmental immunity. *See City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding TTCA barred arrestee's false arrest, malicious prosecution, and defamation claims against city, because the statute does not waive immunity for these intentional torts); *Graham v. Dallas Area Rapid Transit*, 288 F. Supp. 3d 711 (N.D. Tex. 2017) (same as to claims for assault and battery and intentional infliction of emotional distress); *Dorward v. Ramirez*, 2009 WL 2777880, at *15 (N.D. Tex. Aug. 28, 2009) (Fitzwater, J.) (same as to claim for civil conspiracy). Therefore, the Court should dismiss Plaintiff's intentional tort claims against the City.

As to the remaining negligence claim, Plaintiff did not allege the actionable use of a motor vehicle or a condition or use of tangible personal or real property. Instead, Plaintiff alleges that all defendants were negligent by not allowing him to secure his vehicle prior to arrest; destroying evidence and blocking the release of

12

the Internal Affairs Investigation; arresting Plaintiff without a warrant; filing a complaint with the Texas Municipal Insurance Company; and racially profiling him. These allegations do not fall within the narrow exception to governmental immunity provided by the TTCA. The City is therefore entitled to governmental immunity as to Plaintiff's negligence claims against the City, and the Court should dismiss those claims with prejudice. *See Kmiec*, 902 S.W.2d at 122 ("The plaintiff does not allege that the arrest was related to the operation or use of a motor vehicle, a premises defect, or the use or misuse of property owned or controlled by the City. Thus, she does not bring her suit within the waiver provisions of the Tort Claims Act.").

### Suit for Mandamus

In his Petition, Plaintiff asks the Court to order the City of Frisco and its employees to supply information regarding the Internal Affairs report pursuant to the Texas Public Information Act. Pl's. Pet. 10 ¶¶ 1-3. (ECF No. 1-1). The City contends that Plaintiff's state law mandamus action should be dismissed because Plaintiff has already filed this claim in the 101st Judicial District Court in Dallas County, Texas, on June 26, 2017. Def.'s Br. 14 ¶ 40. (ECF No. 7). Def.'s App. 1-23. (ECF No. 8).

Generally, the pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, federal courts are without power to issue writs of mandamus against

13

state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Here, Plaintiff's Petition appears to seek mandamus relief against the City Frisco and its employees. As such, because the Court does not have the authority to mandamus the City or its employees, Plaintiff's suit for mandamus should be dismissed without prejudice. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus because federal courts lack the power to mandamus state officials in the performance of their duties).

## Recommendation

For the reasons stated, the District Court should GRANT Defendant's Motion to Dismiss (ECF No. 6) and DISMISS all of Plaintiff's claims against the City of Frisco and its employees. Plaintiff's mandamus claim should be dismissed without prejudice, and his remaining claims should be dismissed with prejudice.

**SO RECOMMENDED**.

July 18, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).