UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:17-cv-2124-S-BT |
| § | |
| CITY OF FRISCO TEXAS, § | |
| § | |
| Defendant. § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* case has been referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). For the reasons stated, the District Court should DISMISS with prejudice all of Plaintiff's claims against the City of Irving and Detective Eric Curtis under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with a court order.

## **Background**

On July 18, 2018, the Court ordered Plaintiff Michael Williams to file a written response on or before August 1, 2018, to show why he failed to effect service on the City of Irving and Detective Eric Curtis. *See* Order, ECF No. 24. The Court warned Plaintiff that any failure to respond or show good cause for failing to serve these Defendants could result in the dismissal of his claims. *Id.* To date, Plaintiff has not filed a response to the Court's order or filed any proof of service of this lawsuit on the City of Irving or Detective Curtis. *See* Docket.

1

## Legal Standard and Analysis

Rule 41(b) allows a district court to dismiss a claim for failure to prosecute. *Matter of Valentine,* 2018 WL 3005839, at *2 (5th Cir. 2018) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)). The same rule also allows a district court to "dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Francois v. City of Gretna,* 668 F. App'x 574, 575 (5th Cir. 2016) (quoting *Boudwin v. Graystone Ins. Co. Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)). A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). "Dismissal with prejudice is appropriate only where there is 'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

In this case, Plaintiff's case should be dismissed under Fed. R. Civ. P. 41(b) because he has failed to comply with the federal rules and the Court's Order to serve Defendants the City of Irving and Detective Eric Curtis. Plaintiff also failed to respond to this Court's order notifying him that "his claims against the City of

Irving and Detective Curtis will be dismissed for failure to effect service, unless Plaintiff shows good cause in writing for failing to serve these defendants." *See* Order, 2, ECF No. 24. Plaintiff made no effort to show good cause.

Under these circumstances, the Court finds that Plaintiff's failure to follow Court rules and comply with the Court's order is willful and intentional. *See Maker v. Davila,* 2018 WL 3118424, at *2 (N.D. Tex. May 30, 2018) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Plaintiff's willful failure to prosecute this case or respond to Court orders constitutes contumacious conduct that justifies a dismissal with prejudice.

### Recommendation

Plaintiff's claims against the City of Irving and Eric Curtis should be DISMISSED with prejudice, pursuant to Rule 41(b).

**SO RECOMMENDED**.

August 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).